UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
03-CR-95(JMR/FLN)
06-CV-4866(JMR/FLN)

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Robert Rydell Williams ) | |

Petitioner, Robert Rydell Williams, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

I. Background

On June 10, 2002, petitioner was traveling from Arizona to Minnesota when his car was stopped by Arizona law enforcement authorities. During the traffic stop, the officers seized five kilograms of cocaine from the car which led to a lengthy taped confession by petitioner. Petitioner was subsequently indicted in the District of Minnesota on one count of conspiracy to distribute cocaine, and a second count of attempted distribution of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Petitioner challenged the traffic stop and seizure, and sought to suppress the drugs and dismiss the indictment, claiming racial profiling in violation of his Fourteenth Amendment rights. The Honorable Franklin L. Noel, United States Magistrate Judge, heard evidence on the issue in May, 2003.

Petitioner supplemented his initial challenge to the stop by denying he had been speeding, and claiming he had withdrawn his written consent to the search. The Magistrate conducted two additional evidentiary hearings on these claims. On January 13, 2004, the Magistrate recommended that petitioner's motion to suppress be granted, and his motion to dismiss be denied. After a <u>de novo</u> review, this Court adopted part of the Magistrate's findings, and rejected others, ultimately denying both of petitioner's motions.

The case was tried to a jury on August 31 and September 1, 2004. Petitioner was found guilty on both counts, for which he was sentenced to 235 months imprisonment on February 24, 2005. Petitioner filed an appeal with the Eighth Circuit Court of Appeals. The conviction was affirmed on December 9, 2005. <u>United States v. Williams</u>, 431 F.3d 296 (8th Cir. 2005).

Petitioner's petition for rehearing or rehearing en banc was denied on February 6, 2006; his petition for certiorari was denied on June 19, 2006. Petitioner filed the instant motion with this Court on December 12, 2006.

II. <u>Analysis</u>

The present petition raises three issues: (1) improper venue for both counts of the Indictment; (2) incorrect drug quantity; and (3) ineffective assistance of counsel. The Court will address each in turn.

2

Proper venue lies in the district where the alleged offense was committed. 18 U.S.C. § 3232; Fed. R. Crim. P. 18; <u>United States v. Kiser</u>, 948 F.2d 418, 425 (8th Cir. 1991). The government must prove venue by a preponderance of the evidence, and may establish it by either direct or circumstantial evidence. <u>Kiser</u>, 948 F.2d at 425.

Generally, a § 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. <u>United States v. Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001); <u>Dall v. United States</u>, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Here, petitioner raised his venue argument in a pro se "Supplemental Citation of Authorities In Support of Leave to File a Supplemental Brief" filed with the Eighth Circuit Court of Appeals. (Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Docket No. 116], Ex. A.) The Eighth Circuit granted leave to file a supplemental brief. Although it did not discuss the venue argument in its opinion affirming his conviction, it stated that it had "considered the arguments in Williams' pro se brief and reject[ed] them all." <u>See</u> 431 F.3d 296. Accordingly, the issue was raised and decided on direct appeal, and cannot be reconsidered in a § 2255 petition.

Even considered on its merits, the issue is unavailing. Each count of the Indictment is properly venued in Minnesota. This is because "[a]ny offense against the United States begun in one

3

district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); <u>United States v. Romero</u>, 150 F.3d 821, 824 (8th Cir. 1998).

Here, the jury convicted petitioner of conspiracy to distribute, and attempt to distribute, cocaine. "Venue is proper in a conspiracy in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." <u>Romero</u>, 150 F.3d at 824, citing <u>United States v. Bascope-Zurita</u>, 68 F.3d 1057, 1062 (8th Cir. 1995). In <u>Romero</u>, a Florida resident argued that his conspiracy charge was improperly venued in Minnesota because he neither knew, nor had direct involvement with, the Minnesota participants, and was unaware of other participants' activities in this state. <u>See</u> 150 F.3d at 824. The Eighth Circuit found venue was proper in Minnesota, because defendant supplied his co-conspirators with "large amounts of cocaine which he knew were traveling out of Florida and to the north," and that "many overt acts of the conspiracy took place in Minnesota." <u>Id.</u> at 825.

Here, the Minnesota connection is even stronger. Trial evidence included petitioner's confession that, for more than a year, he personally traveled from Minnesota to Arizona or Colorado approximately twice a month, purchased cocaine, brought it to

Minneapolis, and, with the assistance of others, distributed it. (Tr. 22, 34-35; Government Trial Exs. 11 and 11A.) Petitioner confessed to personally committing multiple criminal acts in the District of Minnesota. When he was stopped, he was heading to Minnesota to continue the conspiracy and its illegal objective. Accordingly, the drug conspiracy was properly venued in this District.

A separate venue analysis is required for the attempted distribution count. United States v. Granados, 117 F.3d 1089, 1091 (8th Cir. 1997). The Court of Appeals has not spoken to the question of whether attempted distribution is a "continuing offense" for the purpose of establishing venue under 18 U.S.C. § 3237. However, in Granados, the Court of Appeals found another offense arising under 21 U.S.C. § 841(a) – possession with intent to distribute - was a "continuing offense" which could be properly venued in any district where defendant had possession of the cocaine, "whether he intended to distribute the cocaine in that district or somewhere else." Id.

The factual situation here is arguably the inverse: rather than possessing drugs in Minnesota for distribution elsewhere, evidence showed that on June 10, 2002, petitioner possessed cocaine in Arizona intended for distribution in Minnesota. (Tr. 22, 34; Government Trial Exs. 11, 11A.) The Sixth Circuit has held that one who travels toward a destination, with drugs intended for

5

distribution at that destination, may be subject to an attempt charge properly venued in that destination. See United States v. Zidell, 323 F.3d 412, 422-23 (6th Cir. 2003) (upholding Tennessee as a proper venue on an attempt charge, even though defendant's conduct occurred in Texas and drugs were intercepted prior to entry into Tennessee). Confident that the Eighth Circuit will adopt its sister Court's reasoning, this Court finds Count II was properly venued here.

Alternatively, trial evidence supports a finding that the requisite elements of the attempt charge occurred in Minnesota. To prove attempt, the government must show (1) intent to engage in the crime, and (2) conduct constituting a substantial step toward the commission of the crime. United States v. Burks, 135 F.3d 582, 583 (8th Cir. 1998). A substantial step "goes beyond mere preparation but may be less than the last act necessary before commission of the crime." Id.

Trial evidence showed that petitioner took several "substantial steps" in Minnesota toward his goal of distributing cocaine: he obtained a vehicle with Minnesota license plates, rented a location in Minneapolis where he intended to store and package the cocaine, and left Minnesota for Arizona to buy cocaine. (Government Trial Exs. 8, 11, 11A.) This conduct independently supports venue in Minnesota.

Petitioner incorrectly argues that the government must show he

actually arrived in Minnesota with the drugs, or that transporting drugs was his sole purpose in returning to Minnesota, in order for venue to be placed in this state.  While the possession took place in Arizona, and the actual distribution never occurred, the attempt to distribute was properly venued in Minnesota.

Petitioner next claims the government chemist's trial testimony establishes he possessed slightly less than the five kilograms of cocaine necessary for conviction under 21 U.S.C. § 841(b)(1)(A).  (See Tr. 90-92.)  This argument could have been raised on direct appeal, but was not.  Claims not raised on direct appeal may not be raised on collateral review unless petitioner shows cause and prejudice.  Massaro v. United States, 538 U.S. 500, 504 (2003).  A petitioner may raise such a claim for the first time in a § 2255 proceeding only where he can demonstrate "cause for the default and prejudice or actual innocence."  McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001).  Petitioner has made no such showing here, and as a result, the Court may not consider his claim.

Even if the Court did so, the claim has no merit. Petitioner argues, as did his counsel at trial, that less than five kilograms of cocaine were seized from him during the traffic stop.  (Tr. 93-95.)  Assuming this to be true, the drug calculation took into account petitioner's admission that he believed he possessed five kilograms, and his further admission of past drug trafficking,

7

which was corroborated by the amount of cash seized from the vehicle. (Government Trial Exs. 11, 11A; Sentencing Tr. at 3.)

Lastly, petitioner claims ineffective assistance of counsel. This claim, too, is unavailing. To prevail on a claim of ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient, and that he suffered actual prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. Petitioner must show counsel's deficient performance rendered the proceedings fundamentally unfair or unreliable. <u>El-Tabech v. Hopkins</u>, 997 F.2d 386, 389 (8th Cir. 1993). The Court "need not address the competency of counsel's performance if the prejudice issue is dispositive[.]" <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998).

Petitioner's principal complaint is that once his motion to suppress was denied, trial counsel failed to file an interlocutory appeal, despite petitioner's request to do so. He cannot possibly show prejudice arising from counsel's decision, because such an appeal could not possibly have succeeded. A defendant may not take an interlocutory appeal of a district court's denial of a motion to suppress. 28 U.S.C. §§ 1291, 1292. The only way to challenge the

denial of suppression is precisely the procedure followed here -- appeal the final order after conviction. This makes sense: if petitioner had been acquitted, there would have been no need to consider questions of evidence or admissibility.

Petitioner alleges his trial counsel's performance was deficient in various other ways. For example, he claims counsel failed to have a police tape recorder examined, and failed to introduce tax records allegedly tending to show that the U.S. currency seized from petitioner was not the proceeds of drug sales. However, he does not articulate how these actions were deficient or how they prejudiced his defense. Even if true, the allegations do not indicate counsel's representation fell below an objective standard of reasonableness. For this reason, petitioner's claim of ineffective assistance must fail.

III. Conclusion

For all the above reasons, petitioner's brief in response to the government's response [Docket No. 118], is accepted, and petitioner's motion under 28 U.S.C. § 2255 [Docket No. 114] is denied.

IT IS SO ORDERED.

Dated: May 29, 2007

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge

9