UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYDELL WILLIAMS,<br><br>Defendant. | Criminal No. 03-95 (JRT/FLN)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY** |

Surya Saxena, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Robert Rydell Williams, 03508-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, **pro se**.

Pursuant to Federal Rule of Criminal Procedure 41(g), Robert Rydell Williams moves for the return of currency totaling $6,245.14 that was seized from him on two separate occasions. Because the funds are no longer in the possession of the Government, the Court will deny the motion.

BACKGROUND

In 2005, Williams was convicted of conspiracy to distribute cocaine, and sentenced to 235 months in prison. (Judgment, Mar. 3, 2005, Docket No. 101.) Williams was arrested at a traffic stop in Arizona for possession of cocaine. Arizona police seized five kilograms of cocaine and $3,468.14 in currency at the stop. A state forfeiture

proceeding against the $3,468.14 was completed on November 19, 2002.  (Kathy Weston Decl., Ex. 1, Jan. 4, 2012, Docket No. 152 ("Forfeiture Order").)  No appeal was filed in the forfeiture matter.  (*Id.* Ex. 2.)  Williams was indicted four months later, on March 19, 2003.  (Indictment, Docket No. 1.)

U.S. Marshals seized an additional $2,777.00 from Williams when he was arrested pursuant to a federal warrant on April 2, 2003.  The DEA commenced administrative forfeiture proceedings for those funds, and mailed notice of the seizure to Williams on May 20, 2003.  (*Id.* Ex. 3.)  The notice was signed for at Williams's last known residence on May 21, 2003.  (*Id.* Ex. 4.)  The DEA published notice of the seizure in the Wall Street Journal on June 2, 9, and 16, 2003; the deadline to file a claim expired on July 16, 2003.  (*Id.* Ex. 5, 6.)  No claims were filed for the $2,777.00 and the DEA issued a Declaration of Administrative Forfeiture on August 27, 2003.  (*Id.* Ex. 6.)

## ANALYSIS

Federal Rule of Criminal Procedure 41(g) provides, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Rule 41(g) is a means of recovering seized property, not forfeited property.  *Id.*; *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).  The federal courts lack jurisdiction to order return of property not in the actual or constructive possession of the federal government.  *See United States v. Stevens*, 500 F.3d 625, 627-28 (7th Cir. 2007); *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006).  Rather, the Civil Asset Forfeiture Reform Act of 2000, codified in part at 18 U.S.C. § 983(e), is the

exclusive mechanism to set aside declarations of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5); *United States v. Triplett*, 240 Fed. Appx. 736, 736-37 (8th Cir. 2007). Only individuals that have not received notice of a nonjudicial civil forfeiture may move to set aside the forfeiture. 18 U.S.C. § 983(e)(1); *Triplett*, 240 Fed. Appx. at 737. Motions for the return of property must be filed no later than 5 years after the date of final publication of notice of the seizure. 18 U.S.C. § 983(e)(3).

### I.     THE STATE-SEIZED AND FORFEITED $3,468.14

An Arizona state trooper seized the $3,468.14 during a traffic stop in Arizona. The currency was then forfeited to the State of Arizona on November 19, 2002, four months before Williams was indicted in federal court. Because the money was never in the actual or constructive possession of the federal government, the Court lacks jurisdiction to order its return. *See Copeman*, 458 F.3d at 1072. Moreover, even if the state-seized $3,468.14 were at one point in the constructive possession of the federal government, it was forfeited in the state proceeding in 2002. Therefore, Rule 41(g) provides no remedy as to those funds. *See Stevens*, 500 F.3d at 628 ("Rule 41(g) permits only the recovery of property in the possession of the Government.").

### II.    THE FEDERALLY-SEIZED AND FORFEITED $2,777.00

Because Williams's motion as to the $2,777.00 concerns the disposition of administratively forfeited funds, Williams's only federal remedy would be an 18 U.S.C. § 983(e) motion to set aside the forfeiture. 18 U.S.C. § 983(e)(5); *Triplett*, 240 Fed. Appx. at 736-37 (8th Cir. 2007). Construing this *pro se* motion liberally, the Court will

- 4 -

consider it under that provision. Williams knew of the seizures because the currency was seized from his person and because the DEA provided him with written notice of the seizure of the $2,777 by certified mail on May 21, 2003. He is therefore ineligible to file a § 983(e) motion. *See Triplett*, 240 Fed. Appx. at 737. In any event, Williams's motion is untimely because it was filed more than five years after the publication of the forfeiture on June 2, 2003. *See* 18 U.S.C. § 983(e)(1); *Triplett*, 240 Fed. Appx. 736 (8th Cir. 2007) (affirming denial of 41(g) motion on ground that 983(e) governed and the five year statute of limitations barred the claim). In sum, because Williams received notice of the seizure and the statute of limitations has expired, the Court will deny Williams's putative § 983(e) motion.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Pro Se Motion for the Return of Property [Docket No. 148] is **DENIED**.

DATED: June 4, 2012　　　　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge